UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN JAMES SESSIONS,

    Petitioner,                                 Civil No. 2:08-CV-12803
                                               HONORABLE GEORGE CARAM STEEH
v.                                                UNITED STATES DISTRICT JUDGE

JOHN OCWIEJA,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Nathan James Sessions, ("Petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence for delivery of MDMA/Ecstasy, M.C.L.A. 333.7401(2)(b)(I); delivery of less than fifty grams of cocaine, M.C.L.A. 333.7401(2)(a)(iv); and being a repeat controlled substance offender, M.C.L.A. 333.7413(2). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Isabella County Circuit Court. Petitioner was sentenced to six to forty years in prison on the delivery of MDMA/Ecstasy conviction and received a concurrent sentence of three to forty years in prison on the delivery of cocaine conviction.

Petitioner's minimum sentencing guidelines range and his maximum sentences were enhanced pursuant to his status as a repeat controlled substance offender. Petitioner's sentences were affirmed on appeal. *People v. Sessions,* No. 275023 (Mich.Ct.App. January 8, 2008); *lv. den.* 481 Mich. 887; 749 N.W. 2d 255 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Whether or not the sentencing court err[ed] by doubling the appropriate sentencing guidelines range because appellant was a repeat controlled substance offender subject to the penalties prescribed in M.C.L.A. 333.7413(2).
>
> II. Whether or not the sentencing court err[ed] by scoring a misdemeanor possession of marijuana conviction (where the sentence was enhanced as a repeat controlled substance offense) as a low-severity felony under M.C.L.A. 777.52.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. §

2

2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner claims that the trial court erred in increasing the sentencing guidelines ranges for his offenses because he had been convicted under the repeat controlled substance offender statute. Petitioner's sentencing guidelines were scored by the trial court respectively at 102-170 months for the delivery of MDMA/Ecstasy conviction and 10 to 46 months for the delivery of cocaine conviction. Without the enhancement under the repeat controlled substance offender statute, petitioner's sentencing guidelines for the MDMA/Ecstasy offense would have been 51-85 months and 5 to 23 months for the cocaine conviction. Petitioner further contends that the trial court erred by categorizing a prior

misdemeanor possession of marijuana conviction as a felony in order to assess twenty points against petitioner under Prior Record Variable 2. With respect to this second claim, it appears that the trial court corrected this error on petitioner's motion for re-sentencing, but that this apparently did not change the scoring of the sentencing guidelines range.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). Petitioner's sentence of six to forty years in prison for the delivery of MDMA/Ecstasy and his sentence of three to forty years in prison for delivery of cocaine under 50 grams were within the statutory range for those offenses, based upon petitioner's enhancement as a repeat controlled substance offender. [1] A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744. As a general rule, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *Friday,* 200 F. Supp. 2d at 744.

In the present case, the state trial court's allegedly improper interpretation

---

[1] Petitioner's underlying offenses carry a maximum penalty of twenty years in prison. Under the repeat controlled substance offender statute, M.C.L.A. 333.7413(2), a sentencing court is permitted to double the maximum term for the underlying offense, as well as the recommended minimum sentencing range. *See People v. Williams,* 268 Mich. App. 416; 707 N.W. 2d 624 (2005).

4

of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). To the extent that petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim. *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the sentencing guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Petitioner's related claim that the state trial court improperly departed above the applicable sentencing guidelines range would also not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). [2]

---

[2] In any event, any miscoring of the sentencing guidelines ranges appears to be harmless error at most. Petitioner acknowledges that his minimum sentence of six years for the Delivery of MDMA/Ecstasy offense was a downward departure from the sentencing guidelines range of 102-170 months and was within the 51 to 85 months range as scored without the enhancement for being a repeat controlled substance offender. Because petitioner's six year sentence was below the sentencing guidelines range as scored by the trial court, any error here was harmless. *See e.g. United States v. Satterfield,* 200 Fed. Appx. 586, 588 (6th Cir. 2006). With regards to petitioner's minimum three year sentence for the cocaine charge, although this was above the five to twenty three month guidelines range for the underlying offense, any error would be harmless in light of the fact that petitioner's minimum three year sentence ran concurrently with his higher six year minimum sentence on the MDMA/Ecstasy conviction. *See e.g. United States v. Burns,* 298 F. 3d 523, 544-45 (6th Cir. 2002).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claim to be debatable or that it should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma*

*pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: July 14, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 14, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk